

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD A. MOREAU<br>Plaintiff | CIVIL ACTION |
| VERSUS | NUMBER: **03-2795** |
| LOYOLA UNIVERSITY<br>Defendant | SECTION:<br>MAG. DIV. **SECT. I MAG. 3** |
| | JURY TRIAL |

COMPLAINT

NOW INTO COURT comes plaintiff, DONALD A. MOREAU, appearing through undersigned counsel, and respectfully represents:

I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 2202, and the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq*. On May 29, 2003, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), contending that he was wrongfully discharged due to his age. A Notice of Right to Sue letter, dated August 26, 2003, was received by him on or about August 29, 2003. This lawsuit is filed within ninety (90) days of receipt of said letter.

2. Supplemental jurisdiction is invoked as to those matters cognizable pursuant to the constitution and laws of the state of Louisiana.

## II. PARTIES

3.   Plaintiff herein is DONALD A. MOREAU, a person of full age of majority and domiciled in the Parish of Orleans, State of Louisiana. Plaintiff was employed with defendant, Loyola University, from August 4, 1991, in the capacity of part-time baseball coach, and remained continuously employed until May 20, 2002, on which date he was wrongfully discharged.

4.   Defendants herein is LOYOLA UNIVERSITY, an institution of higher learning, which is located at 6363 St. Charles Avenue, New Orleans, Louisiana. It is an employer within the meaning of 42 U.S.C. 2000e(b). At all times relevant hereto, it was the employer of plaintiff.

## III. FACTS

5.   In 1972, defendant terminated its intercollegiate athletics programs, including baseball. When the decision was made to resurrect intercollegiate athletics, plaintiff was hired as the head baseball coach. He was charged with the responsibility to restoring the program to a competitive level. Plaintiff's task was complicated by the fact that he (a) could not offer athletic scholarships, (b) had no paid assistants, and ( c ) was hired on a part-time basis.

6.   Notwithstanding the fact that plaintiff was hired as a part-time coach, and compensated on that basis, he performed his duties on a full-time basis -- working many hours for which he never sought, nor received, compensation. His starting salary was approximately $7,500.00 per year and, with cost of living raises, his final annual salary should have been $15,238.00. He completed his contract with defendant but only received $10,000.00 of the amount due and owing to him.

7.   Plaintiff performed his duties admirably, as reflected by his Performance Evaluations. On the last evaluation received prior to his termination, plaintiff received an overall

rating of 4.8 out of a possible 5.0. At no point during his tenure at defendant university was he advised that his job performance was deficient, or that he was in jeopardy of being terminated.

8. Plaintiff was the most successful baseball coach in the history of the university. Loyola belonged to the Gulf Coast Atlantic Conference and, for seven (7) consecutive years, the baseball team appeared in the conference tournament. During his final year as head coach, the team won the conference tournament and earned a berth in the NAIA Regional Tournament. – a remarkable accomplishment for a team which did not award athletic scholarships and had only recently been resurrected.

9. In addition to success in the athletic arena, his athletics performed equally well in the classroom. As a team, they ranked at or above the overall grade point average of the student body.

10. Based on his accomplishments, plaintiff reasonably believed that he would be retained by defendant. However, much to his dismay, he was summoned to the Personnel Office and given an ultimatum: resign or be terminated. Plaintiff was not given a reason for the ultimatum. Being caught off guard by the ultimatum, plaintiff requested that he be given an opportunity to confer with family members prior to reaching a decision. Surprisingly, his request was denied. When he refused to resign, he was terminated, effective May 20, 2002.

11. Subsequently, plaintiff was provided a separation notice, stating: "Departmental changes, services as part-time baseball coach no longer needed." He was neither offered, nor given an opportunity to apply for, the full-time position. Further, he was not offered any other position with defendant.

12. Disturbingly, plaintiff, in September 2002, discovered the true reason for his termination, and what defendant meant when it used the words "departmental changes." It was at that time plaintiff discovered that defendant was seeking a younger person to coach the team. Defendant hired one Greg Mucerino, who is considerably younger than plaintiff, who is 66 years old. Greg Mucerino, based upon information and belief, is 33 years old.

13. Further, Greg Mucerino is receiving considerably more compensation than plaintiff, with the only difference being the title. Greg Mucerino has the title of full-time coach, whereas plaintiff had the title of part-time coach. Based upon information and belief, they performed the same duties and expended the same amount time in performing those duties.

14. Defendant refused to give plaintiff even the most cursory consideration for the position of head coach. Plaintiff was totally devoted to the university and the baseball program. Although not required to work full-time, plaintiff did so. He did so at the expense of time with from his family.

15. Given plaintiff's devotion and dedication to the university and the baseball program, and the success his players achieved both on the field and in the classroom, plaintiff had every expectation of being retained as the head baseball coach. Even if he were not retained, he, at least, expected some consideration for the position. Least of all, he did not expect to be called into the office of the personnel director and be given a "resign or be fired" ultimatum. He did not expect to be told that a decision had to be made immediately, without an opportunity to consult with friends or family members.

16. As a result of defendant's action, plaintiff experienced, and continues to experience, anger, frustration, embarrassment, severe emotional distress, depression and anxiety.

## IV. CAUSE OF ACTION

17.     Defendant, acting through its agents and employs, terminated plaintiff because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*

18.     Defendant, acting through its agents and employs, refused to consider plaintiff for the position of head baseball coach because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C 621, *et seq.*

19.     Defendant, acting through its agents, summoned plaintiff to the personnel office and, suddenly, and without warning, ordered him to "resign or be terminated. When he refused to resign without an opportunity to confer with family members, defendant abruptly terminated him. In so doing, defendants intentionally caused plaintiff to experience, anger, frustration, embarrassment, severe emotional distress, depression and anxiety.

20.     Defendant, acting through its agents, refused, and continues to refuse, to compensate plaintiff pursuant to the terms of the employment agreement between them.

## V. RELIEF

21.     Wherefore, Plaintiff prays that the Court:

a       Enter a declaratory judgment that the aforementioned facts and practices of defendants are in violation of the constitution and laws of the United States and the State of Louisiana

b.      Enter judgment in favor of plaintiff, and against defendant, finding that defendant, acting through its agents and employs (1) terminated plaintiff as head baseball coach because of his age, (2) refused to consider plaintiff for the position of full-time head baseball coach because of his age, (3) breached plaintiff employment agreement by refusing to pay to him

the full amount due and owing, and (4) terminated plaintiff under circumstances which caused him to experience anger, frustration, embarrassment, severe emotional distress, depression and anxiety

    c.    Enter judgment in favor of plaintiff, and against defendants, awarding special, general compensatory and punitive damages.

    d.    Award plaintiff the costs of this litigation, including reasonable attorney's fees.

## VI. JURY TRIAL

22.    Plaintiff requests trial by jury as to all issues so triable.

Respectfully submitted:

*Ronald L. Wilson*
RONALD L. WILSON (#13575)
210 Baronne Street, Suite 1800
New Orleans, Louisiana 70112
PH:    (504) 525-4361
FAX:    (504) 525-4380
COUNSEL FOR PLAINTIFF